IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

CRISTINA FERNANDEZ CRUZ,      )
                              )
    Plaintiff,                )
                              )
v.                            )   Civil Action No. 1:13-cv-862
                              )
NILDA MAYPA et al.,           )
                              )
    Defendants.               )

MEMORANDUM OPINION

This matter comes before the Court on Defendants' Nilda J. Maypa, Michelle Barba, and Ferdinand Barba (collectively "Defendants") Motion to Dismiss Plaintiff Cristina Fernandez Cruz's ("Ms. Cruz" or "Plaintff") First Amended Complaint ("Complaint"). Plaintiff asserts six claims against Defendants to recover damages and restitution for the harms allegedly inflicted upon her by Defendants' unlawful conduct in subjecting Plaintiff to forced labor and involuntary servitude in their homes in Clifton, Virginia and Burke, Virginia between March 2002 and January 17, 2008.

Plaintiff alleges that she spoke to Defendant Nilda J. Maypa ("Ms. Maypa") in 2001 about moving from the Philippines to the United States to work as a babysitter for Ms. Maypa's grandchild. On December 14, 2001, Ms. Maypa signed a contract and subsequently faxed it to Ms. Cruz to obtain her signature.

Under the terms of this two-year contract, Ms. Cruz was to work 40 hours per week with a full day off on Sunday and be paid at the rate of $6.50 per hour for all working hours, not including overtime pay. The contract further provided that Ms. Cruz would accumulate two paid sick days annually, have access to heavily subsidized medical insurance, and receive paid round-trip travel from the Philippines. Ms. Cruz signed this contract on January 17, 2002.

Through her former employment with the World Bank in Washington D.C., Ms. Maypa secured a G-5 visa into the United States for Ms. Cruz. In March 2002, Ms. Cruz traveled to the United States to commence her employment by Ms. Maypa. Upon arrival at Defendants' home in Burke, Virginia, Ms. Cruz soon learned that her working and living conditions had been misrepresented. Ms. Cruz alleges that Defendants paid her approximately 50 cents per hour, forced her to work around the clock, and never gave her a day off even through illness and injury. Ms. Cruz also alleges that Defendants seized her passport within hours of her arrival into the United States and never returned it. Plaintiff's Complaint contains additional factual details in support of her allegations that Defendants strategically made use of emotional and psychological coercion to force Ms. Cruz to work as a domestic servant in their homes, subjected Ms. Cruz to sordid living conditions, and ensured that

Ms. Cruz remained socially and culturally isolated throughout the six years that she lived with Defendants.

Ms. Cruz signed two additional contracts while working for Defendants. On January 3, 2004, Ms. Maypa executed the first contract extension, which was to have a 15-month term, commencing on January 1, 2004, and expiring on March 31, 2005. This fifteen-month contract provided Ms. Cruz with a higher wage of $6.72 per hour and fully paid medical insurance. Ms. Maypa and Ms. Cruz executed a second contract extension on February 22, 2005, which called for a three-year term, commencing on March 1, 2005 and expiring on February 28, 2008, with the same hours and pay. Ms. Cruz alleges that Ms. Maypa never honored the provisions in any of these three contracts.

On January 17, 2008, Ms. Cruz left Defendants' residence in Virginia, and commenced this action on July 16, 2013.

Defendants now move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants contend that all of Plaintiff's claims are time-barred by the relevant statutes of limitations. On these grounds, Defendants allege that Plaintiff has failed to state a claim for relief and that the Complaint should therefore be dismissed.

In order to survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face." Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 547 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Twombly, 550 U.S. at 556. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Twombly, 550 U.S. at 555. A motion to dismiss may raise a statute of limitations defense as a bar to plaintiff's cause of action "if the time bar is apparent on the face of the complaint." Dean v. Pilgrim Pride's Corp., 395 F.3d 471, 474 (4th Cir. 2005).

Counts I and II of Plaintiff's Complaint allege Forced Labor and Trafficking with respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor in violation of 18 U.S.C. §§ 1589, 1590, and 1595 against all Defendants. Defendants move to dismiss these counts on grounds that they are barred by a four-year statute of limitations. Section 1595 was amended in 2008 to provide an extended 10-year statute of limitations, effective June 20, 2009. Defendants allege that all of the conduct at issue occurred before the 2008 Act was adopted and that Plaintiff is not entitled to the benefit of the 10-year statute of limitations put in place by the 2008 Act after her claims had already accrued.

In response, Plaintiff points to a distinction between expired and unexpired claims, arguing that her claims had not expired under the then-existing four-year statute of limitations at the time the 2008 extension became effective, and that extending the statute of limitations for such an unexpired cause of action does not trigger the presumption of retroactivity.

The presumption against retroactive legislation counsels that "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." Bowen v. Georgetown Univ. Hospital, 488 U.S. 204, 208 (1988). Courts should apply the presumption against retroactivity unless Congress has evinced a clear manifestation of its intent to the contrary. See Hughes Aircraft Co. v. United States ex rel. Schumer, 520 U.S. 939, 946 (1997); Baldwin v. City of Greensboro, 714 F.3d 828, 835 (2013). Indeed, the "principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal." Kaiser Aluminum & Chemical Corp. v. Bonjorno, 494 U.S. 827, 837 (1990). This requirement that Congress make its intent clear helps to ensure that "Congress itself has determined that the benefits of retroactivity outweigh the potential for disruption or unfairness." Landgraf v. USI Film Products, 511 U.S. 244 (1994).

Here, Congress has given no indication that the amendment to Section 1595 was to have retroactive effect. As amended in 2008, Section 1595(c) states: "No action may be maintained under this section unless it is commenced not later than 10 years after the cause of action arose." Pub. L. 110-457, Title II, §§ 221(2), 407, 122 Stat. 5067 (2008). In fact, the amendment to add the 10-year statute of limitations did not take effect until June 20, 2009, which was 180 days after the date of the enactment of the 2008 Act.

Ms. Cruz's causes of action accrued no later than January 17, 2008, the date on which she escaped from Defendants' home. The extended 10-year statute of limitations did not become effective until June 20, 2009. Thus, all of Plaintiff's claims under this Act were subject to a four-year statute of limitations. Ms. Cruz commenced this action on July 16, 2013, over one year after the statute of limitations expired for these claims alleging Forced Labor and Trafficking with respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor in violation of 18 U.S.C. §§ 1589, 1590, and 1595. Ms. Cruz cannot claim the benefit of the 10-year statute of limitations put in place by the 2008 Act after her claims under Section 1595 had already accrued because there is no clear congressional intent favoring retroactive application of Section 1595.

Count III of Plaintiff's Complaint alleges failure to pay the federal minimum wage in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 216 against all Defendants. Claims for willful violations of the FLSA must be brought within three years of the date on which the claim accrued. See 29 U.S.C. § 255(a) ("[A] cause of action arising out of a willful violation may be commenced within three years after the cause of action has accrued[.]"). Plaintiff claims a willful violation; therefore, the statute of limitations for her FLSA claim is three years. Plaintiff's cause of action accrued no later than January 17, 2008, the date of her escape from Defendants' residence. Plaintiff filed this action on July 16, 2013. Therefore, her claim under the FLSA is barred by the three-year statute of limitations. Plaintiff's FLSA claim should not be equitably tolled because Plaintiff has failed to plead sufficient facts to show the extraordinary circumstances required for the doctrine of equitable tolling to be applied. See Irwin v. Dept. of Veterans, 498 U.S. 89, 96 (1990) (holding that equitable tolling is not appropriate "where the claimant failed to exercise due diligence in preserving his legal rights."); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) ("Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and

infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.").

Counts IV, V, and V assert various Virginia state law claims against Defendants. Count IV alleges Breach of Contract against Defendant Ms. Maypa. Defendants allege that Count IV is barred under the applicable five-year statute of limitations. In Virginia, the statute of limitations for an action on a written contract is five years after the cause of action accrued. See Va. Code Ann. § 8.01-246(2). Plaintiff's cause of action accrued no later than January 17, 2008, because it was on that date that the third contract was effectively terminated by Ms. Cruz's escape from the Defendants' residence. Since January 17, 2008 was more than five years before this action was filed, Plaintiff's Breach of Contract claim is barred under Virginia law.

Count V alleges Fraudulent Misrepresentation against Ms. Maypa. Under Virginia law, an action for damages resulting from fraud must be brought within two years after the cause of action accrues. See Va. Code Ann. § 8.01-243(A). Plaintiff's cause of action accrued no later than January 17, 2008, the date of her escape from Defendants' residence. Plaintiff failed to bring her fraud claim until more than five years after January 17, 2008; therefore, her claim is barred by the applicable two-year statute of limitations.

Counts VI alleges False Imprisonment against all Defendants. Under Virginia law, a claim of false imprisonment is subject to a two-year statute of limitations. See Va. Code Ann. § 8.01-243(A). Plaintiff's cause of action accrued on January 17, 2008, the date of escape from Defendants' residence. Plaintiff failed to bring her claim for False Imprisonment until more than five years after January 17, 2008; therefore, her claim is barred by the applicable two-year statute of limitations.

Defendants' Motion to Dismiss should be granted. An appropriate order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
October 4, 2013