**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| CRISTINA FERNANDEZ CRUZ, <br><br> Plaintiff, <br><br> v. <br><br> NILDA J. MAYPA, MICHELLE BARBA (AKA MICHELLE MAYPA), and FERDINAND BARBA, <br><br> Defendants. | Case No. 1:13-cv-00862-CMH-IDD |

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR**
**APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff Cristina Fernandez Cruz and Defendants Nilda J. Maypa, Michelle Barba, and Ferdinand Barba (collectively, the "Parties") jointly request that the Court approve the Parties' Settlement Agreement and Release ("Settlement Agreement") in this case. Because one of Plaintiff's claims arise under the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, the proposed Settlement Agreement must be approved by the Court.

**I.      Legal Principles**

In the context of a lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *See Patel v. Barot*, 15 F. Supp. 3d 648, 653-54 (E.D. Va. 2014); *Boone v. City of Suffolk*, 79 F. Supp. 2d 603, 609 (E.D. Va. 1999) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)). In

detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA case suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the litigation in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354. In the Eastern District of Virginia, several factors have been considered in evaluating whether a proposed FLSA settlement is proper under the standard articulated in *Lynn's Food Stores*, including:

1) the extent of discovery that has taken place;

2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation;

3) the absence of fraud or collusion in the settlement;

4) the experience of counsel who have represented the plaintiffs;

5) the probability of plaintiffs' success on the merits; and

6) the amount of the settlement in relation to the potential recovery.

*Patel*, 15 F. Supp. 3d at 655-56. As discussed below, the application of these factors to this case demonstrates the fairness of the proposed Settlement Agreement and the Court may therefore grant its approval.

**II. Analysis of Proposed Settlement**

Plaintiff Cristina Cruz brought this case against the Defendants seeking to recover back wages and damages for, *inter alia*, violations of the FLSA and the Trafficking Victims Protection Act arising out of her employment by the Defendants. This action is adversarial in nature and the Parties are represented by experienced counsel.

This case has been in active litigation for more than two years. The Parties completed discovery on June 19, 2015 and developed an extensive evidentiary record. Indeed, trial in this matter was scheduled to begin on August 17, 2015—less than one week after the Parties negotiated the proposed Settlement Agreement. As a result, both sides had the opportunity to clarify the numerous factual and legal issues that remain in dispute and to assess their likelihood of success on the merits.

Although the trial date was imminent, both Parties recognized the complexity, expense, and time required to complete litigation in this matter. Even after a trial, the Parties foresee the possibility of post-verdict motions, appeals, and collection actions. Additionally, the Parties recognize that each has varying degrees of litigation risk that are mitigated by a negotiated compromise.

The manner in which the Parties reached a negotiated resolution in this case also supports its inherent fairness. On August 12, 2015, the Parties participated in a settlement conference with United States Magistrate Judge Ivan D. Davis that involved good faith, arms-length negotiations between the Parties. The proposed Settlement Agreement resulted from this process and each party was represented by experienced counsel throughout the negotiations. Both Parties maintain that the outcome at trial would likely have resulted in a favorable verdict, but Plaintiff and Defendants believe that the compensation offered to Plaintiff in the Settlement Agreement is

reasonable in light of the risks and costs inherent in a litigated resolution and does not operate as a waiver of her statutory rights.

As reflected in the aforementioned factual background, the proposed Settlement Agreement in this matter is the result of an extensive adversarial process and arms-length negotiations conducted with the assistance of the Court. As a result, the proposed Settlement Agreement satisfies each of the indicia of fairness articulated by *Lynn's Food Stores*. Further, approval of the proposed Settlement Agreement will promote the policy of encouraging settlement of litigation.

**IV. Conclusion**

For the reasons stated above, the Parties jointly and respectfully request that this Court approve the proposed Settlement Agreement.


Respectfully submitted,


/s/ Joseph D. West
Joseph D. West, VSB No. 16834
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC  11101
Telephone: 202.955.8500
Facsimile: 202.467.0539
jwest@gibsondunn.com

*Counsel for Plaintiff*

/s/ Timothy J. Battle
Timothy J. Battle, VSB No. 18538
524 King Street
Alexandria, VA 22320-4593
Telephone: 703.836.1216
Facsimile: 703.549.3335
tjbattle@verizon.net

*Counsel for Defendants*


Dated:  October 18, 2015

4

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Virginia using the CM/ECF system on October 18, 2015. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system, which will send an electronic notification of such filing to the following counsel of record:

      Timothy J. Battle
      524 King Street
      Alexandria, VA 22320-9631
      (703) 836-1216
      tjbattle@verizon.net

      Respectfully submitted,

Dated:  October 18, 2015      /s/ Joseph D. West
      Joseph D. West, SBN 16834
      jwest@gibsondunn.com
      Gibson, Dunn & Crutcher LLP
      1050 Connecticut Avenue, N.W.
      Washington, DC  11101
      Telephone: 202.955.8500
      Facsimile:  202.467.0539

      *Attorney for Cristina Fernandez Cruz*