## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "Agreement") is entered into as of August 12, 2015 by and between Cristina Fernandez Cruz ("Plaintiff") and Nilda J. Maypa, Michelle Barba, and Ferdinand Barba (collectively, "Defendants"). Plaintiff and Defendants shall be collectively referred to as the "Parties."

WHEREAS, Plaintiff was employed by Defendants, or one or more of them, from March 17, 2002 to January 17, 2008. Plaintiff contends that, during her employment with Defendants, or one or more of them, she suffered damages, including from an intentional tort resulting in physical injury and sickness, for which Defendants, or one or more of them, are liable;

WHEREAS, Plaintiff initiated a lawsuit against Defendants before the United States District Court for the Eastern District of Virginia, captioned, *Cruz v. Maypa*, No. 1:13-cv-00862 (the "Action") alleging claims, *inter alia*, under the Trafficking Victims Protection Act ("TVPA") and Fair Labor Standards Act ("FLSA") (collectively, "Claims");

WHEREAS, Defendants deny that any of them violated the FLSA or TVPA, or committed any tortious acts against her;

WHEREAS, the Parties wish to enter into this Agreement to settle the Action and to avoid the costs and expenses incident to further litigation; and

WHEREAS, the Parties to this Agreement wish to exchange, pursuant to the terms and conditions set forth herein, releases under which they would settle all Claims and potential Claims arising out of or related to the Action or which the Parties could otherwise have brought against each other.

NOW, THEREFORE, in exchange for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, and intending to be legally bound hereby, the Plaintiff and the Defendants hereby agree as follows:

## AGREED TERMS

1.   <u>Payment by Defendants</u>. Defendants will pay Plaintiff the total sum of one hundred forty thousand dollars ($140,000.00) (the "Settlement Payment") as compensation for the release of any and all claims for damages in the form of physical injury, sickness, suffering, and emotional distress. The Settlement Payment shall be paid by a cashier's check payable to Cristina Fernandez Cruz and received by her counsel, as

INITIALS: _NGM_

_MMB_

provided in paragraph 19, by October 17, 2015 or within five business days following approval of the Agreement by the Court, whichever occurs later.

2.    <u>Allocation Among Claims and Taxes.</u>

(a)    <u>Summary of Allocation.</u> The Parties acknowledge and agree that the Settlement Payment shall be allocated among Plaintiff's Claims as follows, subject to the additional allocation, tax payment, and reporting provisions included in Sections 2(b), (c), and (d) of this Agreement:

| Amount | Claim to which Amount is Allocated | Responsibility for IRS Reporting, if Any | Responsibility for Taxes to Be Paid, if Any |
|---|---|---|---|
| $95,000 | TVPA Claims | None. | None, excludable from Plaintiff's income. |
| $45,000 divided into two equal portions: | FLSA Claim | | |
| (a) $22,500 | FLSA unpaid minimum wages | Defendants will report $2,079, plus amount of employment taxes paid as "employee share," as wages on Form W-2. No withholding. Remainder was previously reported on Plaintiff's income tax returns filed for 2002-2006 years, and is not reported on any IRS form at this time. | (i) Defendants pay all employment taxes on wages amount (including both "employer share" and "employee share"; amount paid as "employee share" reported as additional wages). (ii) Plaintiff pays any income taxes, including on amounts reported as additional wages due to Defendants' payment of "employee share" of employment taxes. |
| (b) $22,500 | FLSA liquidated damages | Defendants will report $22,500 as "other income" (not wages) on Form 1099-MISC. | Plaintiff pays any income taxes. |
| Total: $140,000 | | | |

(b)    <u>TVPA Claims.</u> The Parties acknowledge and agree that $95,000 of the amount to be paid to Plaintiff hereunder represents payments in settlement of her claims under the TVPA, which payments are to be made on account of physical injuries or sickness within the meaning of Internal Revenue Code 104, and that such amount is

INITIALS: _/rgu_

_MMB_

therefore excludable from Plaintiff's income. Consequently, no IRS Form 1099 shall be prepared or filed with respect to such amount paid hereunder and no amount shall be withheld from such amount. All Parties hereto agree to report and treat such amounts for all tax purposes consistent with such characterization.

      (c)    <u>FLSA Claim – Unpaid Minimum Wages and Liquidated Damages</u>. The Parties acknowledge and agree that $45,000 of the amount to be paid to Plaintiff hereunder represents payments in settlement of her claim under the FLSA and that, of such amount:

      (i)    $22,500 is paid to Plaintiff in settlement of her claim for "the amount of [her] unpaid minimum wages," within the meaning of 29 U.S.C. § 216(b). All Parties hereto agree that $20,421 of such amount was previously reported as wages on income tax returns filed under Plaintiff's name and Social Security number for the years 2002-2006; that, accordingly, only the remaining $2,079 of such amount shall be treated as wages for the year 2015; and that the Parties will report and treat such amounts for all tax purposes consistent with the characterizations set forth in this sentence. In furtherance of the foregoing, (1) Defendants shall report $2,079 of such amount to the IRS and the Plaintiff, to the extent required by law, under the Plaintiff's name and Social Security number as wages on IRS Form W-2, pursuant to Revenue Ruling 72-268, 1972-1 C.B. 313; and (2) no IRS form shall be prepared or filed with respect to the remaining $20,421 that was previously reported as wages on income tax returns filed under Plaintiff's name and Social Security number. Defendants shall be solely responsible for paying all employment taxes required to be paid with respect to such amounts pursuant to the Federal Insurance Contributions Act and the Federal Unemployment Tax Act, including both the "employer share" and the "employee share" of such employment taxes. For the avoidance of doubt, Defendants shall not withhold from payment to Plaintiff any amount from the $22,500 amount designated in this paragraph 2(c)(i) in respect of employment or other taxes, and shall report on IRS Form W-2 as additional wages to Plaintiff (but not as Social Security or Medicare wages, or as wages for federal unemployment tax) the amount Defendants pay with respect to the "employee share" of such employment taxes.[1]

      (ii)    $22,500 is paid to Plaintiff in settlement of her claim for "liquidated damages," within the meaning of 29 U.S.C. § 216(b), and such amount shall consequently **not** be treated as "wages" pursuant to Revenue Ruling 72-268, *supra*. All Parties hereto agree to report (consistent with the remainder of this paragraph) and treat such amounts for all tax purposes consistent with such characterization, and no amount

---

[1] The Parties consulted IRS Topic 756, "Employment Taxes for Household Employees," which explains the reporting to employee when employer pays "employee share" of employment taxes. http://www.irs.gov/taxtopics/tc756.html.

INITIALS: _NSH_

_MMB_

shall be withheld from such amounts. Defendants shall report such amount to the IRS and the Plaintiff, to the extent required by law, under the Plaintiff's name and Social Security number as "other income" in Box 3 of the IRS Form 1099-MISC.

(d)   Plaintiff's Income Taxes. Plaintiff shall be solely responsible for any income taxes determined to be due and owing (including any penalties and interest related thereto) by her to any federal, state, local, or regional taxing authority as a result of her receipt of the Settlement Payment. No amount is required to be, and no amount shall be, withheld from the Settlement Payment in respect of such taxes.

3.   Attorneys' Fees and Costs. The Parties acknowledge and agree that they are solely responsible for paying any attorneys' fees and costs they incurred and that neither Party nor its attorney(s) will seek any award of attorneys' fees or costs from the other Party.

4.   Dismissal of Action. In exchange for the consideration promised by Defendants in paragraph 1, Plaintiff agrees to take whatever actions are necessary to ensure that the Action is dismissed in its entirety as to all Defendants named therein, with prejudice and without costs or fees, subsequent to receipt of the Settlement Payment. Plaintiff's agreement to dismiss the Action with prejudice is conditioned on Plaintiff's receipt of the Settlement Payment. If Defendants fail to pay the Settlement Payment under the terms specified in paragraph 1, this Agreement shall be null and void. Defendants will cooperate with Plaintiff in securing the dismissal of the Action, as appropriate.

## SETTLEMENT AND RELEASE OF CLAIMS

5.   No Admission of Liability. The Parties acknowledge that the Settlement Payment was agreed upon as a compromise and final settlement of disputed claims and that payment of the Settlement Payment is not, and may not be construed as, an admission of liability by Defendants and is not to be construed as an admission that Defendants engaged in any wrongful, tortious, or unlawful activity.

6.   Release by Plaintiff: In consideration of the terms and conditions of this Agreement, and in consideration of full and final payment of the Settlement Amount, said full and final payment constituting good and valuable consideration, Plaintiff hereby, acting on her own free will and volition, and on behalf of herself, her heirs, administrators, executors, representatives, successors, and assigns, hereby irrevocably and unconditionally releases and discharges the Defendants, jointly and severally, and their respective heirs, executors, administrators, successors, or assigns from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, causes of action, rights, costs, losses, debts, expenses, attorneys' fees, and demands of any nature whatsoever, known or unknown, suspected or unsuspected against Defendants,

INITIALS: _____

jointly or severally, which Plaintiff and/or Plaintiff's successors or assigns ever had, now have, or hereafter can, shall, or may have (either directly, indirectly, derivatively, or in any other representative capacity) by reason of or arising out of any matter, cause, or thing whatsoever from the beginning of time to the time she executes this Agreement. This Release includes, but is not limited to, any rights or claims arising out of or relating to Plaintiff's employment relationship with Defendants, or the termination thereof, all claims for attorneys' fees, any rights or claims arising under any statute or regulation, including the Victims of Trafficking and Violence Protection Act of 2000, the Fair Labor Standards Act, and similar state or local laws, each as amended, or any other federal, state, or local law, regulation, ordinance, or common law, or under any policy, agreement, understanding, or promise, written or oral, formal or informal, between Defendants and Plaintiff. Plaintiff further covenants and agrees that neither she nor any of her heirs, executors, agents, representatives, administrators, successors, or assigns shall be entitled to any personal recovery in any proceeding of any nature whatsoever against Defendants, jointly and severally, arising out of any of the matters released above. It is expressly understood and agreed that Plaintiff hereby releases the Defendants jointly and severally from any and all liability relating to, *inter alia,* all claims that were or could have been asserted in the Action.

7.    Release by Defendants: The Defendants, in consideration of Plaintiff's release in paragraph 6 herein, acting on their own free will and volition and on behalf of themselves, individually and collectively, and their heirs, executors, administrators, successors, or assigns, hereby irrevocably and unconditionally release and discharge Plaintiff, and her respective heirs, executors, administrators, successors, or assigns from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, causes of action, rights, costs, losses, debts, expenses, attorneys' fees, and demands of any nature whatsoever, known or unknown, suspected or unsuspected against Plaintiff, which Defendants and/or Defendants' successors or assigns ever had, now have, or hereafter can, shall, or may have (either directly, indirectly, derivatively, or in any other representative capacity) by reason of or arising out of any matter, cause, or thing whatsoever arising from the beginning of time to the time they execute this Agreement. Defendants further covenant and agree that neither they nor any of their heirs, executors, agents, representatives, administrators, successors, or assigns shall be entitled to any personal recovery in any proceeding of any nature whatsoever against Plaintiff arising out of any of the matters released above.

8.    Claims Not Released: Notwithstanding the above, nothing in this Agreement is intended to release or waive (i) any rights to commence an action or proceeding to enforce the terms of this Agreement, or (ii) any rights or claims which may arise or accrue after this Agreement is signed.

INITIALS: _NGH_

_MMD_

**OTHER PROVISIONS**

9.     Non-Disparagement. The Parties agree that, unless required to do so by legal process or at the request of any federal, state, or local government entity, they will not make any disparaging public statements or representations, either directly or indirectly, whether orally or in writing, to any person whatsoever, about the other Party.

     For purposes of this paragraph, a disparaging public statement or representation is any communication which, if publicized to another, would cause or tend to cause the recipient of the communication to question the integrity, competence, or good character of the person to whom the communication relates.

10.     Admissibility. The Parties agree that the Agreement shall be admissible by any Party in any court of competent jurisdiction for the purpose of enforcing its terms.

11.     Agreement is Legally Binding. The Parties intend this Agreement to be legally binding upon and to inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs, and estates.

12.     Entire Agreement. The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the Parties hereto.

13.     New or Different Facts: No Effect. Except as provided herein, this Agreement shall be, and remain, in effect despite any alleged breach of this Agreement or the discovery or existence of any new or additional fact, or any fact different from that which either Party now knows or believes to be true. Notwithstanding the foregoing, nothing in this Agreement shall be construed as, or constitute, a release of any Party's rights to enforce the terms of this Agreement.

14.     Interpretation. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement. The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation. Moreover, this Agreement shall not be construed against either Party as the author or drafter of the Agreement.

INITIALS: _NGY_

_MMB_

15.     <u>Governing Law and Choice of Forum</u>. This Agreement is made and entered into within and shall be governed by, construed, interpreted, and enforced in accordance with the laws of the State of Virginia, without regard to the principles of conflicts of laws.

16.     <u>Reliance on Own Counsel</u>. In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise.

17.     <u>Counterparts</u>. This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

18.     <u>Effective Date</u>. The terms of the Agreement will be effective on the date when it has been signed by all of the Parties (the "Effective Date").

19.     <u>Notices.</u> For the purposes of this Agreement, the Parties hereby agree that any notices, correspondence, communications, and payments shall be directed as follows:

For Plaintiff:

Joseph D. West
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave N.W.
Washington, D.C. 20036
202-995-8658 (phone)
202-530-9590 (fax)
jwest@gibsondunn.com

For Defendants:

Timothy J. Battle
524 King Street
Alexandria, Virginia 22314
703-836-1216 (phone)
703-549-3335 (fax)
tjbattle@verizon.net

**READ THE FOREGOING DOCUMENT CAREFULLY. IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.**

INITIALS: _NGW_

_MMB_

**IN WITNESS WHEREOF**, and intending to be legally bound, each of the Parties hereto has caused this Settlement Agreement to be executed as of the date(s) set forth below.

PLAINTIFF

By: _____

Name: Cristina Fernandez Cruz

Date: _____

DEFENDANT

By: _____

Name: Nilda J. Maypa

Date: _10/15/15_____

DEFENDANT

By: _____

Name: Michelle Barba

Date: _10/13/15_____

DEFENDANT

By: _____

Name: Ferdinand Barba

Date: _10/13/15_____

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "Agreement") is entered into as of August 12, 2015 by and between Cristina Fernandez Cruz ("Plaintiff") and Nilda J. Maypa, Michelle Barba, and Ferdinand Barba (collectively, "Defendants"). Plaintiff and Defendants shall be collectively referred to as the "Parties."

**WHEREAS,** Plaintiff was employed by Defendants, or one or more of them, from March 17, 2002 to January 17, 2008. Plaintiff contends that, during her employment with Defendants, or one or more of them, she suffered damages, including from an intentional tort resulting in physical injury and sickness, for which Defendants, or one or more of them, are liable;

**WHEREAS,** Plaintiff initiated a lawsuit against Defendants before the United States District Court for the Eastern District of Virginia, captioned, *Cruz v. Maypa*, No. 1:13-cv-00862 (the "Action") alleging claims, *inter alia*, under the Trafficking Victims Protection Act ("TVPA") and Fair Labor Standards Act ("FLSA") (collectively, "Claims");

**WHEREAS,** Defendants deny that any of them violated the FLSA or TVPA, or committed any tortious acts against her;

**WHEREAS,** the Parties wish to enter into this Agreement to settle the Action and to avoid the costs and expenses incident to further litigation; and

**WHEREAS,** the Parties to this Agreement wish to exchange, pursuant to the terms and conditions set forth herein, releases under which they would settle all Claims and potential Claims arising out of or related to the Action or which the Parties could otherwise have brought against each other.

**NOW, THEREFORE,** in exchange for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, and intending to be legally bound hereby, the Plaintiff and the Defendants hereby agree as follows:

## AGREED TERMS

1.      Payment by Defendants. Defendants will pay Plaintiff the total sum of one hundred forty thousand dollars ($140,000.00) (the "Settlement Payment") as compensation for the release of any and all claims for damages in the form of physical injury, sickness, suffering, and emotional distress. The Settlement Payment shall be paid by a cashier's check payable to Cristina Fernandez Cruz and received by her counsel, as

INITIALS: _C.F.C_

provided in paragraph 19, by October 17, 2015 or within five business days following approval of the Agreement by the Court, whichever occurs later.

2.    Allocation Among Claims and Taxes.

(a)    Summary of Allocation. The Parties acknowledge and agree that the Settlement Payment shall be allocated among Plaintiff's Claims as follows, subject to the additional allocation, tax payment, and reporting provisions included in Sections 2(b), (c), and (d) of this Agreement:

| Amount | Claim to which Amount is Allocated | Responsibility for IRS Reporting, if Any | Responsibility for Taxes to Be Paid, if Any |
|---|---|---|---|
| $95,000 | TVPA Claims | None. | None, excludable from Plaintiff's income. |
| $45,000, divided into two equal portions: | FLSA Claim | | |
| (a) $22,500 | FLSA unpaid minimum wages | Defendants will report $2,079, plus amount of employment taxes paid as "employee share," as wages on Form W-2. No withholding. Remainder was previously reported on Plaintiff's income tax returns filed for 2002-2006 years, and is not reported on any IRS form at this time. | (i) Defendants pay all employment taxes on wages amount (including both "employer share" and "employee share"; amount paid as "employee share" reported as additional wages). (ii) Plaintiff pays any income taxes, including on amounts reported as additional wages due to Defendants' payment of "employee share" of employment taxes. |
| (b) $22,500 | FLSA liquidated damages | Defendants will report $22,500 as "other income" (not wages) on Form 1099-MISC. | Plaintiff pays any income taxes. |
| Total: $140,000 | | | |

(b)    TVPA Claims. The Parties acknowledge and agree that $95,000 of the amount to be paid to Plaintiff hereunder represents payments in settlement of her claims under the TVPA, which payments are to be made on account of physical injuries or sickness within the meaning of Internal Revenue Code 104, and that such amount is

INITIALS: _C.F.C_

therefore excludable from Plaintiff's income. Consequently, no IRS Form 1099 shall be prepared or filed with respect to such amount paid hereunder and no amount shall be withheld from such amount. All Parties hereto agree to report and treat such amounts for all tax purposes consistent with such characterization.

   (c)   <u>FLSA Claim – Unpaid Minimum Wages and Liquidated Damages</u>. The Parties acknowledge and agree that $45,000 of the amount to be paid to Plaintiff hereunder represents payments in settlement of her claim under the FLSA and that, of such amount:

   (i)   $22,500 is paid to Plaintiff in settlement of her claim for "the amount of [her] unpaid minimum wages," within the meaning of 29 U.S.C. § 216(b). All Parties hereto agree that $20,421 of such amount was previously reported as wages on income tax returns filed under Plaintiff's name and Social Security number for the years 2002-2006; that, accordingly, only the remaining $2,079 of such amount shall be treated as wages for the year 2015; and that the Parties will report and treat such amounts for all tax purposes consistent with the characterizations set forth in this sentence. In furtherance of the foregoing, (1) Defendants shall report $2,079 of such amount to the IRS and the Plaintiff, to the extent required by law, under the Plaintiff's name and Social Security number as wages on IRS Form W-2, pursuant to Revenue Ruling 72-268, 1972-1 C.B. 313; and (2) no IRS Form shall be prepared or filed with respect to the remaining $20,421 that was previously reported as wages on income tax returns filed under Plaintiff's name and Social Security number. Defendants shall be solely responsible for paying all employment taxes required to be paid with respect to such amounts pursuant to the Federal Insurance Contributions Act and the Federal Unemployment Tax Act, including both the "employer share" and the "employee share" of such employment taxes. For the avoidance of doubt, Defendants shall not withhold from payment to Plaintiff any amount from the $22,500 amount designated in this paragraph 2(c)(i) in respect of employment or other taxes, and shall report on IRS Form W-2 as additional wages to Plaintiff (but not as Social Security or Medicare wages, or as wages for federal unemployment tax) the amount Defendants pay with respect to the "employee share" of such employment taxes.[1]

   (ii)   $22,500 is paid to Plaintiff in settlement of her claim for "liquidated damages," within the meaning of 29 U.S.C. § 216(b), and such amount shall consequently **not** be treated as "wages" pursuant to Revenue Ruling 72-268, *supra*. All Parties hereto agree to report (consistent with the remainder of this paragraph) and treat

---

[1] The Parties consulted IRS Topic 756, "Employment Taxes for Household Employees," which explains the reporting to employee when employer pays "employee share" of employment taxes. http://www.irs.gov/taxtopics/tc756.html.

INITIALS: C.F.C

such amounts for all tax purposes consistent with such characterization, and no amount shall be withheld from such amounts. Defendants shall report such amount to the IRS and the Plaintiff, to the extent required by law, under the Plaintiff's name and Social Security number as "other income" in Box 3 of the IRS Form 1099-MISC.

(d)     Plaintiff's Income Taxes. Plaintiff shall be solely responsible for any income taxes determined to be due and owing (including any penalties and interest related thereto) by her to any federal, state, local, or regional taxing authority as a result of her receipt of the Settlement Payment. No amount is required to be, and no amount shall be, withheld from the Settlement Payment in respect of such taxes.

3.     Attorneys' Fees and Costs. The Parties acknowledge and agree that they are solely responsible for paying any attorneys' fees and costs they incurred and that neither Party nor its attorney(s) will seek any award of attorneys' fees or costs from the other Party.

4.     Dismissal of Action. In exchange for the consideration promised by Defendants in paragraph 1, Plaintiff agrees to take whatever actions are necessary to ensure that the Action is dismissed in its entirety as to all Defendants named therein, with prejudice and without costs or fees, subsequent to receipt of the Settlement Payment. Plaintiff's agreement to dismiss the Action with prejudice is conditioned on Plaintiff's receipt of the Settlement Payment. If Defendants fail to pay the Settlement Payment under the terms specified in paragraph 1, this Agreement shall be null and void. Defendants will cooperate with Plaintiff in securing the dismissal of the Action, as appropriate.

## SETTLEMENT AND RELEASE OF CLAIMS

5.     No Admission of Liability. The Parties acknowledge that the Settlement Payment was agreed upon as a compromise and final settlement of disputed claims and that payment of the Settlement Payment is not, and may not be construed as, an admission of liability by Defendants and is not to be construed as an admission that Defendants engaged in any wrongful, tortious, or unlawful activity.

6.     Release by Plaintiff: In consideration of the terms and conditions of this Agreement, and in consideration of full and final payment of the Settlement Amount, said full and final payment constituting good and valuable consideration, Plaintiff hereby, acting on her own free will and volition, and on behalf of herself, her heirs, administrators, executors, representatives, successors, and assigns, hereby irrevocably and unconditionally releases and discharges the Defendants, jointly and severally, and their respective heirs, executors, administrators, successors, or assigns from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, causes of action, rights, costs, losses, debts, expenses, attorneys' fees, and demands of

INITIALS: _C.F.C_

Page 4 of 99

any nature whatsoever, known or unknown, suspected or unsuspected against Defendants, jointly or severally, which Plaintiff and/or Plaintiff's successors or assigns ever had, now have, or hereafter can, shall, or may have (either directly, indirectly, derivatively, or in any other representative capacity) by reason of or arising out of any matter, cause, or thing whatsoever from the beginning of time to the time she executes this Agreement. This Release includes, but is not limited to, any rights or claims arising out of or relating to Plaintiff's employment relationship with Defendants, or the termination thereof, all claims for attorneys' fees, any rights or claims arising under any statute or regulation, including the Victims of Trafficking and Violence Protection Act of 2000, the Fair Labor Standards Act, and similar state or local laws, each as amended, or any other federal, state, or local law, regulation, ordinance, or common law, or under any policy, agreement, understanding, or promise, written or oral, formal or informal, between Defendants and Plaintiff. Plaintiff further covenants and agrees that neither she nor any of her heirs, executors, agents, representatives, administrators, successors, or assigns shall be entitled to any personal recovery in any proceeding of any nature whatsoever against Defendants, jointly and severally, arising out of any of the matters released above. It is expressly understood and agreed that Plaintiff hereby releases the Defendants jointly and severally from any and all liability relating to, *inter alia,* all claims that were or could have been asserted in the Action.

7.      Release by Defendants: The Defendants, in consideration of Plaintiff's release in paragraph 6 herein, acting on their own free will and volition and on behalf of themselves, individually and collectively, and their heirs, executors, administrators, successors, or assigns, hereby irrevocably and unconditionally release and discharge Plaintiff, and her respective heirs, executors, administrators, successors, or assigns from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, causes of action, rights, costs, losses, debts, expenses, attorneys' fees, and demands of any nature whatsoever, known or unknown, suspected or unsuspected against Plaintiff, which Defendants and/or Defendants' successors or assigns ever had, now have, or hereafter can, shall, or may have (either directly, indirectly, derivatively, or in any other representative capacity) by reason of or arising out of any matter, cause, or thing whatsoever arising from the beginning of time to the time they execute this Agreement. Defendants further covenant and agree that neither they nor any of their heirs, executors, agents, representatives, administrators, successors, or assigns shall be entitled to any personal recovery in any proceeding of any nature whatsoever against Plaintiff arising out of any of the matters released above.

8.      Claims Not Released: Notwithstanding the above, nothing in this Agreement is intended to release or waive (i) any rights to commence an action or proceeding to

INITIALS: C.F.C

enforce the terms of this Agreement, or (ii) any rights or claims which may arise or accrue after this Agreement is signed.

## OTHER PROVISIONS

9.    Non-Disparagement. The Parties agree that, unless required to do so by legal process or at the request of any federal, state, or local government entity, they will not make any disparaging public statements or representations, either directly or indirectly, whether orally or in writing, to any person whatsoever, about the other Party.

For purposes of this paragraph, a disparaging public statement or representation is any communication which, if publicized to another, would cause or tend to cause the recipient of the communication to question the integrity, competence, or good character of the person to whom the communication relates.

10.    Admissibility. The Parties agree that the Agreement shall be admissible by any Party in any court of competent jurisdiction for the purpose of enforcing its terms.

11.    Agreement is Legally Binding. The Parties intend this Agreement to be legally binding upon and to inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs, and estates.

12.    Entire Agreement. The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the Parties hereto.

13.    New or Different Facts: No Effect. Except as provided herein, this Agreement shall be, and remain, in effect despite any alleged breach of this Agreement or the discovery or existence of any new or additional fact, or any fact different from that which either Party now knows or believes to be true. Notwithstanding the foregoing, nothing in this Agreement shall be construed as, or constitute a release of any Party's rights to enforce the terms of this Agreement.

14.    Interpretation. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement. The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation.

INITIALS: _C.F.C_

Moreover, this Agreement shall not be construed against either Party as the author or drafter of the Agreement.

15.   Governing Law and Choice of Forum. This Agreement is made and entered into within and shall be governed by, construed, interpreted, and enforced in accordance with the laws of the State of Virginia, without regard to the principles of conflicts of laws.

16.   Reliance on Own Counsel. In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise.

17.   Counterparts. This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

18.   Effective Date. The terms of the Agreement will be effective on the date when it has been signed by all of the Parties (the "Effective Date").

19.   Notices. For the purposes of this Agreement, the Parties hereby agree that any notices, correspondence, communications, and payments shall be directed as follows:

For Plaintiff:

Joseph D. West
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave N.W.
Washington, D.C. 20036
202-995-8658 (phone)
202-530-9590 (fax)
jwest@gibsondunn.com

For Defendants:

Timothy J. Battle
524 King Street
Alexandria, Virginia 22314
703-836-1216 (phone)
703-549-3335 (fax)
tjbattle@verizon.net

INITIALS: C.F.C

**READ THE FOREGOING DOCUMENT CAREFULLY. IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.**

INITIALS: *C.F.C*

**IN WITNESS WHEREOF,** and intending to be legally bound, each of the Parties hereto has caused this Settlement Agreement to be executed as of the date(s) set forth below.

**PLAINTIFF**                                                    **DEFENDANT**

By: _C·F·Cruz_____                    By: _____

Name: Cristina Fernandez Cruz              Name: Nilda J. Maypa

Date: _10/15/15_____                   Date: _____


                                                                **DEFENDANT**

                                                                By: _____

                                                                Name: Michelle Barba

                                                                Date: _____


                                                                **DEFENDANT**

                                                                By: _____

                                                                Name: Ferdinand Barba

                                                                Date: _____